Filed 3/27/14  P. v. Carino CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EMANUEL C. CARINO,<br><br>    Defendant and Appellant. | B244423<br><br>(Los Angeles County<br>Super. Ct. No. VA119647) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Robert J. Higa, Judge.  Affirmed.

Verna Wefald, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II and Alene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Emanuel Carino appeals from the judgment after a jury convicted him of sexually molesting his eight year old step-daughter. Carino claims that the court erred in denying his request for appointment of an expert on false confessions to determine whether there were psychological reasons why he might have voluntarily confessed to crimes he did not commit. We find that Carino failed to lay an adequate foundation for appointment of such an expert and affirm the judgment.

## FACTS AND PROCEEDINGS BELOW

Based on statements by eight year old A.L. to the Department of Children and Family Services (DCFS) and South Gate police the police arrested Carino and charged him with two counts of sexual intercourse with a child age 10 or younger and one count of oral copulation or sexual penetration with such a child. While Carino was in custody the DCFS removed A.L. and her siblings from their mother's custody and placed them in foster care.

A South Gate police detective interviewed Carino while he was in jail. In that interview Carino confessed to "touching" A.L.'s vagina on several occasions and confirmed "[I]t's the truth that it happened." A transcript of this interview was introduced at trial.[1] The People also introduced a letter Carino wrote to A.L. in his own words stating in part: "I just did it and I regret touching you."

On the day set for trial Carino requested that the court appoint an expert in "false confessions" to aid the defense. The court denied the motion "in large part because it's simply untimely." The court also noted that it found the defense declaration in support of the request inadequate to justify the appointment of an expert.

---

[1] The detective testified that prior to the interview he advised Carino of his *Miranda* rights and that "he waive[d] those rights." The transcript of the interview, which was introduced into evidence, shows that the detective advised Carino of his rights but never asked him if he understood those rights and whether he waived them. Defense counsel did not object to the introduction of the interview on this ground so the issue is waived on appeal. (*People v. Holt* (1997) 15 Cal.4th 619, 666.)

2

At trial A.L. testified that on two occasions Carino touched her between her legs with his hand and once touched her there with his penis. On a fourth occasion Carino twice inserted his penis in her vagina. A medical examination showed that A.L.'s hymen was fully intact and that her vaginal and anal parts were within normal limits.

The court dismissed one count of sexual intercourse and the jury convicted Carino on the remaining counts of sexual intercourse and sexual penetration. Carino was sentenced to concurrent terms of 25 years to life and 15 years to life. He filed a timely appeal.

## DISCUSSION

The timing of the request was not a sufficient ground for denying it. Although the request was made on May 31, 2012, the day set for trial, the court continued the trial for other reasons and it did not commence until July 17, 2012. Thus there was ample time for a psychiatric evaluation of Carino.

We conclude, however, that Carino failed to establish his need for an expert on false confessions.

A defendant may seek the appointment of an expert witness to assist in the preparation of his defense. (*Corenevsky v. Superior Court* (1984) 36 Cal.3d 307, 318-319. Evidence Code section 730 permits the court to appoint an expert to assist a party to an action "[w]hen it appears to the court, at any time before or during the trial . . . that expert evidence is or may be required by the court or by any party to the action[.]" It is up to the defendant to show the need for an expert's services. (*In re Eric A.* (1999) 73 Cal.App.4th 1390, 1394.) The court's denial of a request for the appointment of an expert is reviewed for abuse of discretion. (*Corenevsky*, at p. 321.)

The phenomenon of false confessions is well-recognized in the law. (Leo, *False Confessions: Causes, Consequences and Solutions* in Wrongly Convicted: Perspectives on Failed Justice (Westervelt & Humphrey edits., 2001) ch. 2, pp. 36-49 (hereafter Leo).) Indeed, the rule requiring corroboration of confessions is premised on the idea that suspects may give false confessions voluntarily. (See *People v. Culton* (1992)

11 Cal.App.4th 363, 376 (conc. opn. of Timlin, J.) noting that the "corroboration rule[] is a reflection of literally centuries of wisdom accumulated by our judiciary and its historical antecedents to the effect that uncorroborated confessions and/or admissions are, in certain instances, untrustworthy and unreliable.") One of the instances in which a confession may be untrustworthy arises when "'a suspect confesses in order to . . . gain a promised reward.'" (Leo, *supra,* at p. 43, citation omitted.)

On appeal Carino claims that he admitted molesting A.L. because the police told him the children would be returned to their mother's custody if he did so and would be put up for adoption if he did not. Carino did not cite the court to any statements in the transcript of his interview with the police to support his claims of reward and threat and those claims are not contained in the declarations Carino and his counsel filed in support of the motion. For those reasons we need not decide whether a record that supported such promises and threats would be sufficient to justify the appointment of an expert to examine the defendant's possible motivations for making a false confession.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, Acting P. J.

We concur:

CHANEY, J.                    MILLER, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.